**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 21-CR-535 (RJL)** |
| | : | |
| **v.** | : | |
| | : | |
| **MELVIN JOHNSON** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |
| ——————————————— | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Memorandum in Aid of Sentencing. This memorandum, together with such evidence as may be presented at the sentencing hearing and the government's allocution at the time of sentencing, is intended to outline to the Court relevant matters relating to what the government believes would be an appropriate sentence in this case. Because of this conviction, the government has reviewed the application of the advisory Sentencing Guidelines, the Presentence Report ("PSR") prepared by U.S. Probation Officer ("USPO") Mr. Andre Wilson, *see* PSR ECF #61, the relevant factors set forth in 18 U.S.C. § 3553, and the defendant's plea for any impact on the appropriate sentence for the defendant in this matter. ***Based on that thorough and comprehensive review, the government respectfully avers that this Court should sentence the defendant to a term of seventy-one (71) months incarceration followed by three years of Supervised Release.***

I.      **INTRODUCTION**

On April 8, 2025, the defendant plead guilty to Count One and Two of the Superseding

Information charging Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, United States Code, Section 922(g)(1); and Count Three: Unlawful Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) pursuant to a written plea agreement. The plea agreement summarized the penalties as follows: Counts 1-2: a maximum sentence of 10 years imprisonment; a fine not to exceed $250,000; and a term of supervised release of not more than three years; and Count 3 - a maximum sentence of 20 years imprisonment; a fine not to exceed $1,000,000; and a term of supervised release of at least three years. Each count carries a special assessment of $100.

## I. FACTUAL BACKGROUND

At the plea hearing the defendant admitted to the following facts:

1. On August 17, 2021, at approximately 4:15 p.m., I was in possession of a loaded firearm and more than 12 grams of cocaine base that I intended to sell and distribute to others in the 3500 block of 14th Street NW, Washington, D.C.

2. I have learned that the firearm in my possession was a gun with Glock 26 parts, semi-automatic pistol with serial numbers BCSV116/VNB925, with an extended magazine having thirty-one (31) round capacity, containing twenty-seven (27) rounds of 9mm ammunition with one round in the chamber. In addition, the bag I possessed contained an additional seventeen (17) round capacity Glock magazine with sixteen (16) rounds of 9 mm ammunition in the magazine.

3. I have learned there are also no manufacturers of firearms or ammunition in the District of Columbia. Therefore, the firearm and ammunition in this case necessarily would have

traveled in interstate and foreign commerce before I possessed it in the District of Columbia on August 17, 2021.

4.  I was previously convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court of the District of Columbia, Criminal Case No. 2014- CF3-017912, on December 19, 2014. In that case, I was sentenced to a term of imprisonment of more than a year incarceration – 18 months, and a term of probation.

5.  At the time of this offense on August 17, 2021, I knew that I had previously been convicted of crimes punishable by imprisonment for a term exceeding one year.

6.  In addition, I further admit that on February 28, 2020, at approximately 4:15 p.m., I was in possession of a loaded firearm in the 1500 block of Meridian Place Northwest, Washington, D.C.

7.  I have learned that the firearm in my possession was a SCCY CPX-2 containing six (6) .9mm rounds with one round in the chamber. There was no visible serial number. The firearm also was equipped with a TR10 Laser pointer.

8.  I have learned that there are also no manufacturers of firearms or ammunition in the District of Columbia. Therefore, the firearm and ammunition in this case necessarily would have traveled in interstate and foreign commerce before I possessed it in the District of Columbia on February 28, 2020.

9.  I was previously convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court of the District of Columbia, Criminal Case No. 2014- CF3-017912, on December 19, 2014. In that case, I was sentenced to a term of imprisonment of more than a year incarceration – 18 months, and a term of probation.

10.  At the time of this offense on February 28, 2020, I knew that I had previously been

convicted of crimes punishable by imprisonment for a term exceeding one year.

### III.  SENTENCING CALCULATION

#### A.  Base Offense Level

U.S. Probation calculated the following:

Counts 1 and 2 group with Count 3 because the offense behavior in Count 3 embodies

conduct (commission of a felony offense, that is, PWID Cocaine Base) that is treated as a specific

offense characteristic in the guideline applicable to Counts 1 and 2. USSG §3D1.2(c). The offense

level applicable to the group is the offense level for the most serious of the counts comprising the

group, that is, the highest offense level of the counts of the group, pursuant to USSG §3D1.3(a).

In this case, USSG §2K2.1 produces the highest offense level. *See* PSR ECF #61 ¶31.

The prevailing guideline is USSG §2K2.1. The defendant possessed a semi-automatic

pistol (ghost gun) comprised of Glock 26 parts, bearing serial numbers BCSV116 and VNB925,

with a 31-round capacity extended magazine (Count 1); and a loaded firearm – SCCY CPX-2 with

no visible serial number and equipped with a TR10 Laser Pointer (Count 2); and the defendant

was a prohibited person at the time he committed the instant offense by virtue of his conviction in

DC Superior Court case no. 2014-CF3-017912. Therefore, the base offense level of 20. USSG

§2K2.1(a)(4)(B)(i)(I). *Id.* ¶32. 2) Specific Offense Characteristics: The defendant possessed the

firearm in connection with another felony [to wit: unlawful possession with intent to distribute

cocaine base]. Therefore, four levels are added. USSG §2K2.1(b)(6)(B). *Id*. at ¶33. Total Adjusted

Offense Level 24.

Acceptance of Responsibility: USPO Mr. Wilson concluded that the defendant has clearly

demonstrated acceptance of responsibility for the offense by pleading guilty. Accordingly, the offense level is decreased by two levels. USSG §3E1.1(a). *Id*. ¶39. Also, the defendant had assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the intention to enter a plea of guilty. Accordingly, the offense level is decreased by one additional level. USSG §3E1.1(b). *Id*. ¶40.

Based upon a total offense level of 21 and a criminal history category of IV, the guideline imprisonment range is 57 months to 71 months. *Id*. ¶102. Consequently, the United States avers that the defendant should be sentenced to a term of incarceration of 71 months' imprisonment to be followed by 36 months' supervised release.

## UNITED STATES' ANALYSIS OF THE SENTENCING GUIDELINES

Even though the Sentencing Guidelines are advisory, *United States v. Booker* provides that sentencing courts "must consult those Guidelines and take them into account when sentencing." 543 U.S. 220, 264 (2005); *United States v. Brown*, 892 F.3d 385, 399 (D.C. Cir. 2018). The Supreme Court has noted that the Guidelines provide "the starting point and the initial benchmark" for sentencing. *Gall v. United States*, 590 U.S. 38, 49 (2007); *see also United States v. Dorcely*, 454 F.3d 366, 375 (D.C. Cir. 2006) ("*Booker* has not changed how the Guidelines range is to be calculated.") Moreover, the Guidelines' recommended sentencing range will ordinarily "'reflect a rough approximation of sentences that might achieve [18 U.S.C.] § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 108-09 (2007) (*quoting Rita v. United States*, 551 U.S. 338, 347-50 (2007)); *Dorcely*, 454 F.3d at 376 (noting that "a sentence within a properly calculated Guidelines range is entitled to a rebuttable presumption of reasonableness").

To calculate a Guidelines sentence, a district court must first select the applicable offense

guideline and then select the base offense level within that applicable offense guideline. *United States v. Flores*, 912 F.3d 613, 616 (D.C. Cir. 2019). As the D.C. Circuit has long held, this inquiry must include an evaluation of all relevant conduct that could affect the Guidelines calculation.

> In the post-*Booker* world, the court must calculate and consider the applicable Guidelines range but is not bound by it. Under the Guidelines, "the sentencing range for a particular offense is determined on the basis of all 'relevant conduct' in which the defendant was engaged and not just with regard to the conduct underlying the offense of conviction." *Witte v. United States*, 515 U.S. 389, 393 (1995) (citing U.S.S.G. § 1B1.3). Section 1B1.3 details the conduct the sentencing court may consider in determining the applicable Guidelines range and the commentary to that section states, "Conduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range." U.S.S.G. § 1B1.3, comment., backg'd. *Dorcely*, 454 F.3d at 375.

Notably, based on the facts of this matter and, *inter alia*, the defendant's criminal history as outlined in his PSR are significant and concerning - *see* PSR ECF #61 ¶¶45-47 – all demonstrates that this Court should sentence the defendant to 71 months' imprisonment to be followed by 36 months' Supervised Release.

## IV. SENTENCING FACTORS

Title 18, United States Code, Section 3553(a), provides numerous factors that the Court shall consider in sentencing defendant Johnson.

**(1) The nature and circumstances of the offense and the history and characteristics of the defendant**.

**(A) The nature and circumstances of the offense**

Here, the nature and circumstances of the offense counsel in favor of a significant term of imprisonment. As outlined above and further highlighted in this memorandum, the defendant possessed illegal loaded firearms (at different times) and a significant amount of cocaine base. Thus, the defendant possession of loaded firearms demonstrates that defendant Johnson had a total

disregard for the dangerous effects of illegal firearms have on our community. Simply put, the government respectfully avers that the defendant is a continued danger to the community, and his criminal actions in this matter demonstrates that a sentence of 71-months incarceration is an appropriate sentence in this matter and is sufficient, in the interest of justice, and would punish the defendant appropriately.

### (B)    The history and characteristics of the defendant.

Importantly, the government avers that in reviewing the PSR prepared by USPO Mr. Wilson, he found that the defendant is a 27-year-old man who had several adult convictions as outlined in the PSR. *See* PSR ECF #61 ¶¶45-47. Moreover, the government is particularly concerned about the defendant's prior significant convictions and numerous contacts with law enforcement officers. Additionally, in making its current sentencing recommendation to the Court, the government has also reviewed the defendant's Personal and Family Data as outlined in the PSR which outlined the defendant's relationship with his family and family history. *See* PSR ECF#61 ¶¶64-72. Further, the government has reviewed the defendant's Mental and Emotional Health and Substance Abuse backgrounds as outlined in his PSR. *Id*. ¶¶82-87.

### (C)    The need to afford adequate deterrence to criminal conduct, and the need to protect the public from further crimes of defendant.

The Court must also consider "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant . . . ." 18 U.S.C. § 3553(a)(2)(B), (D). The United States respectfully submits that these factors justify a sentence of 71 months' incarceration. This Court is well aware of the impact that loaded firearms have had on the District of Columbia, and the need to deter that conduct. A sentence that

provides both specific and general deterrence is especially important in this case because the defendant possessed loaded firearms (on two different occasions) and narcotics in this community and on public streets. If our community is to have any hope of stemming the tide of illegal loaded firearms and narcotics to prevent any more tragedies in our community, the defendant must be punished accordingly.

**(D) The need to avoid unwarranted sentencing disparities among defendants with similar records.**

The goal of minimizing unwarranted sentencing disparities in § 3553(a)(6) is "only one of several factors that must be weighted and balanced," and the degree of weight is "firmly committed to the discretion of the sentencing judge." *United States v. Coppola*, 671 F.3d 220, 254 (2d Cir. 2012). The § 3553(a) factors that this Court assesses are "open-ended," with the result that "different district courts may have distinct sentencing philosophies and may emphasize and weigh the individual § 3553(a) factors differently; and every sentencing decision involves its own set of facts and circumstances regarding the offense and the offender." *United States v. Gardellini*, 545 F.3d 1089, 1093 (D.C. Cir. 2008). "[D]ifferent district courts can and will sentence differently—differently from the Sentencing Guidelines range, differently from the sentence an appellate court might have imposed, and differently from how other district courts might have sentenced that defendant." *Id*. at 1095. As discussed *supra*, this Court should sentence the defendant to a significant sentence of 71 months' imprisonment to be followed by 36 months' supervised release. Therefore, based on the facts and evidence in this matter there would be no disparities among other defendants with similar records.

More broadly, the government's requested sentence is reasonable, as it strikes the balance between considering the defendant's background and the facts of this case. However, according to

the Judiciary Sentencing Information (JSIN): During the last five fiscal years (FY2020- 2024), there were 1031 defendants whose primary guideline was §2K2.1, with a Final Offense Level of 21 and a Criminal History Category of IV, after excluding defendants who received a §5K1.1 substantial assistance departure. For the 1025 defendants (99%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 55 month(s) and the median length of imprisonment imposed was 57 month(s). For all 1031 defendants in the cell, the average sentence imposed was 55 month(s) and the median sentence imposed was 57 month(s). *See* PSR #61 ¶133. Notably, the government's recommendation takes into account additional facts that the defendant possessed two loaded firearms on two separate occasions and narcotics in the community and on public streets in the current case; therefore, putting the community in additional danger of harm or violence.

Despite being given multiple opportunities to not commit any additional criminal offenses, the defendant continued to reoffend and, in the instant case, acquired two firearms – one firearm had one round of 9mm ammunition in the chamber, sixteen rounds of 9mm ammunition loaded into a 17 round capacity feeding device for a total of seventeen rounds of 9mm ammunition; and the other firearm was loaded with six (6) .9mm rounds with one round in the chamber. That firearm also was equipped with a TR10 Laser pointer. Moreover, because these firearms were loaded and ready to fire, further demonstrates that the defendant was ready, willing, and able to commit another crime against members of the community. *See United States v. Blackson*, 2023 WL 1778914, at *11 ("At the outset, it cannot be gainsaid that unlawful possession of a firearm that is unregistered and fully loaded, with extended capacity magazines, carried in a position of easy, quick access poses a significant danger to other persons and the community."); *United States v.*

*Washington*, 907 F. Supp. 476, 486 (D.D.C. 1995) ("[P]ossession by a felon of a fully loaded semi-automatic pistol suggests that the defendant presents an extreme safety risk to the public."). Thus, the defendant's dangerousness cannot be overstated, and he should be sentenced accordingly.

## VI.   CONCLUSION

For the foregoing reasons, the United States recommends a sentence of 71 months' imprisonment to be followed by 36 months' supervised release. The government respectfully avers that its recommended sentence to the Court would therefore reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and most importantly, to afford adequate deterrence and to protect the public from further loaded firearm and ammunition possessions and crimes of the defendant.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:   */s/Emory V. Cole*
EMORY V. COLE
PA. Bar No. 49136
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
Telephone: (202) 252-7692
Emory.Cole@usdoj.gov

˘10˘